UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAINTERS DISTRICT COUNCIL NO. 4,
GLAZIERS LOCAL 660,

                    Plaintiff,

        v.                                                    **DECISION & ORDER**
                                                              05-CV-00379S

EMPIRE STATE REGIONAL COUNCIL OF
CARPENTERS, LOCAL UNION 289,

                    Defendant.


## I. INTRODUCTION

        This case arises from a labor dispute between two labor organizations, Empire State

Regional Council of Carpenters, Local Union 289 ("the Carpenters"), and Painters District

Council No. 4, Glaziers Local 660 ("the Glaziers"), over the assignment of work involving

the removal, restoration, and reinstallation of aluminum windows at two schools in Buffalo,

New York.  The Carpenters and the Glaziers are parties to a Project Labor Agreement

("Agreement"),[1] which governs both the assignment of work and jurisdictional disputes over

the assignment of work in the School Construction and Rehabilitation Program ("the

project").  Pursuant to the Agreement, the parties appeared and presented evidence at an

arbitration hearing to resolve the Glaziers' grievances over the assignment of the disputed

work. On May 19, 2005, the Arbitrator issued a Decision and Award sustaining the Glaziers'

grievances and directing an assignment of future work to the Glaziers.[2]  Currently before

---

[1] The Agreement appears at Docket No. 17-4.

[2] The Arbitrator's Decision and Award appears at Docket No. 17-5.

this Court are the Glaziers' Motion for Summary Judgment seeking to confirm the Arbitrator's award, and the Carpenters' Motion for Summary Judgment seeking to vacate the Arbitrator's award.[3]   For the following reasons, the Glaziers' Motion for Summary Judgment is granted and the Carpenters' Motion for Summary Judgment is denied.

## II. BACKGROUND

### A.   Factual Summary

The following facts are undisputed for purposes of the instant motions, except where indicated.  The Glaziers and the Carpenters, both labor unions, are parties to a Project Labor Agreement governing a 10-year renovation project with the Buffalo City Schools. (Plaintiff's Rule 56.1 Statement[4] ("Pl.'s State."), ¶ 1).  Pursuant to the Agreement, the Glaziers filed grievances on June 16, 2004, concerning aluminum window removal and installation work at Buffalo Public Schools 66 and 74 ("aluminum window work") that had been assigned to the Carpenters.  (Id. at ¶ 3; Defendant's Rule 56.1 Statement[5] ("Def.'s State."), ¶ 6).  The Agreement provides that jurisdictional disputes over the assignment of work shall be settled through arbitration.  (Def.'s State., ¶ 5).  Specifically, the Agreement

---

[3] In support of their motion, the Glaziers submitted a Statement of Facts pursuant to Local Rule 56.1, an Affidavit by Mimi C. Satter, and a Memorandum of Law.  The Carpenters filed a Memorandum of Law in opposition to the Glaziers' Motion for Summary Judgment.  In Support of the Carpenters' Motion for Summary Judgment, the Carpenters submitted a Memorandum of Law, a Statement of Facts pursuant to Local Rule 56.1, an Affidavit by Robert T. McGovern, the Project Agreement, and the Arbitrator's Decision and Award.  The Glaziers filed a Memorandum of Law in opposition to the Carpenters' Motion for Summary Judgment, and a Reply Brief in support of the Glaziers' Motion for Summary Judgment and in opposition to the Carpenters' Motion for Summary Judgment.

[4] The Glaziers filed two Statements pursuant to Local Rule 56.1, one in support of their Motion for Summary Judgment (appearing at  Docket No. 16-2), and one in opposition to the Carpenters' Motion for Summary Judgment (appearing at  Docket No. 21-2).  Unless otherwise indicated, all references are to the former.

[5] The Carpenters filed two Statements pursuant to Local Rule 56.1, one in support of their Motion for Summary Judgment (appearing at  Docket No. 17-2), and one in opposition to the Glaziers' Motion for Summary Judgment (appearing at  Docket No. 23-1).  Unless otherwise indicated, all references are to the former.

states that in the event of a jurisdictional dispute,  "The arbitrator shall, based upon the prevailing practices in the Buffalo, New York area, direct an assignment." (Def.'s State., ¶ 5).  See also Burke v. Hogan, 418 F. Supp. 2d 236 (W.D.N.Y., 2005) (where this Court confirmed an arbitrator's award of wooden window restoration work at Buffalo Public Schools 80 and 307 to the Carpenters under the same Project Labor Agreement).

Following an arbitration hearing that took place on February 11, 2005 and March 16, 2005, the Arbitrator determined that, consistent with the "prevailing practices in the Buffalo, New York area," the aluminum window work should have been assigned to the Glaziers. (Arbitrator's Decision and Award ("Arb. Dec.") (appearing at  Docket No. 17-5), p. 9).  The Arbitrator noted that while the Agreement does not define "prevailing practices in the Buffalo, New York area," the Carpenters, in their presentation, established that the phrase meant "how we are doing it now in this community." (Arb. Dec., p. 9).  The Arbitrator reasoned that because the Glaziers performed the majority of the aluminum window work in the Buffalo area, the aluminum window work at Schools 66 and 74 should have been assigned to the Glaziers. (Arb. Dec., p. 11).  The Arbitrator directed that "any further work involving the removal or installation of aluminum windows at Schools 66 and/or 74 or future work performed on this Project of a nature substantially identical to that performed at Schools 66 and/or 74 shall be assigned to the Glaziers." (Arb. Dec., p. 12).  The Carpenters contend that the Arbitrator acted outside the scope of his authority and that the arbitration award does not draw its essence from the Agreement. (Def.'s State., ¶¶ 10-12).

**B.   Procedural History**

On May 31, 2005, the Glaziers commenced the instant case by filing a Complaint in the United States District Court for the Western District of New York.  On March 3, 2006, the Glaziers filed a Motion for Summary Judgment seeking to confirm and enforce the

3

arbitration award.  On March 3, 2006, the Carpenters filed a Motion for Summary Judgment seeking to vacate the arbitration award.  These motions are currently before this Court.

## III. DISCUSSION

### A.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  Id.  In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at

4

249.

**B.    Judicial Review of An Arbitrator's Decision Under the Labor Management Relations Act**

It is well settled that "Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides subject matter jurisdiction for an action to vacate an arbitration award." Burns Int'l Sec. Serv., Inc. v. United Plant Guard Workers of Am. & its Local 537, 47 F.3d 14, 16 (2d Cir.1995). At the same time, labor arbitration awards are subject to a very limited scope of judicial review. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728, 149 L. Ed. 2d 740 (2001). A court must review an arbitrator's decision with "considerable deference." New York Tel. Co. v. Commc'n Workers of Am., Local 1100, 256 F.3d 89, 91 (2d Cir.2001). "The contractual theory of arbitration . . . requires a reviewing court to affirm an award it views as incorrect-even very incorrect-so long as the decision is plausibly grounded in the parties' agreement." Wackenhut Corp. v. Amalgamated Local 515, 126 F.3d 29, 31-32 (2d Cir.1997). Given this narrow and deferential judicial standard, courts in this Circuit have recognized that "[i]t is the rare case where a federal court will vacate an arbitration award." Fishman v. Fairfield Towers, 01 Civ. 7014, 2001 WL 1338897, at *2 (S.D.N.Y. Oct. 31, 2001).

As long as an arbitration award "draws its essence from the collective bargaining agreement" and is not the product of the arbitrator's "own collective brand of industrial justice," the award should be confirmed. United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597, 80 S. Ct. 1358, 1361, 4 L. Ed. 2d 1424 (1960); see also Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp., 803 F.2d 69, 72 (2d Cir.1986); Jamaica Buses, 2003 WL 1621026 at *4. In rendering an award, "the arbitrator need only explain his reasoning 'in terms that offer even a barely colorable justification for the outcome reached.'"

Burns Int'l,  47 F.3d at 17 (quoting Andros Compania Maritima, S.A. v. Marc Rich & Co.,

579 F.2d 691, 704 (2d Cir.1978)).  If a reviewing court can infer a basis for the arbitrator's

decision from the facts of the case, the award should be confirmed.  Burns Int'l,  47 F.3d

at 17 (citing Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1216 (2d Cir.1972)).

Indeed, "'as long as [an honest] arbitrator is even arguably construing or applying the

contract and acting within the scope of his authority,' the fact that 'a court is convinced he

committed serious error does not suffice to overturn his decision.'"  New York City Saks,

LLC v. Local 1102 Retail, Wholesale, Dep't Store Union, No. 03 Civ. 7227(PKC), 2004 WL

35437, at *2-3 (S.D.N.Y. Jan. 7, 2004) (quoting Eastern Associated Coal Corp. v. United

Mine Workers of Am., District 17, 531 U.S. 57, 62, 121 S. Ct. 462, 466, 148 L. Ed. 2d 354

(2000)).

        In the present case, the Carpenters contend that the Arbitrator acted outside the

scope of his authority and that the arbitration award does not draw its essence from the

agreement.  Specifically, they contend that the Glaziers could not maintain a grievance

against the Carpenters after withdrawing their grievance against the Ironworkers, that the

arbitration hearing was untimely by the terms of the Agreement, and that the Arbitrator could

not direct an assignment of future work.  This Court is not persuaded by the Carpenters'

challenges to the Arbitrator's decision.   Rather, this Court finds that under the deferential

standard applied in such cases, the Arbitrator acted within the scope of his authority and

that he drafted an award that draws its essence from the Agreement.

**C.     Determination that the Grievance Could Proceed without the Ironworkers**

        The Carpenters contend that the Glaziers could not maintain a grievance against the

Carpenters after dropping the Ironworkers Union from their grievance.  The Carpenters

reason that because the disputed work was being done by a composite crew of Ironworkers and Carpenters, the Glaziers could not complain about the Carpenters doing aluminum window work while acquiescing to the Ironworkers doing that same aluminum window work. The Arbitrator rejected this argument, explaining that the Ironworkers did limited aluminum window work, and were generally involved only on "large curtain walls," welding projects, and jobs where labor was in short supply. (Arb. Dec., p. 8). The Arbitrator found that the absence of the Ironworkers from the dispute was not relevant to his determination. (Arb. Dec., pp. 8-9).

Viewing the fact that the Ironworkers performed only limited aluminum window work, under the "considerable deference" given to an Arbitrator's determination, this Court finds that the Arbitrator did not stray from the Agreement in finding that the Ironworkers were not an essential party to the dispute. See New York Tel., 256 F.3d at 91 (holding that a court must review an arbitrator's decision with "considerable deference"). The Arbitrator explained his reasoning for finding that the Ironworkers were not relevant to the dispute, and that determination falls within his discretion to determine the relevance of facts in the arbitration proceeding. Given that the Ironworkers were involved in the aluminum window work in only a limited capacity, they were not relevant to the Arbitrator's determination that the work should have been assigned to the Glaziers. Accordingly, this Court finds that the Arbitrator did not act outside the scope of his authority in conducting the arbitration hearing after determining that the Ironworkers were not a necessary party to the dispute.

## D.   Timeliness of the Arbitration Hearing

The Carpenters further contend that the Arbitrator disregarded the Agreement's mandate that "[a] hearing shall be held at a date, time, and location set by the arbitrator,

which in no case shall be more than twenty (20) calendar days from the date the dispute arose." (Agreement (appearing at   Docket No. 17-4), p. 7).   Issues of procedural compliance with an arbitration agreement are typically left to the arbitrator to resolve. See e.g. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 558, 84 S. Ct. 909, 919 (1964) (stating that "[o]nce it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator"); Schweizer Aircraft Corp. v. Local 1752, Intern. Union, United Auto., 29 F.3d 83, 88 (2d Cir 1994).

In the present case, the Arbitrator recognized that the arbitration hearing was beyond the 20-day period following the dispute, but reasoned that the 20-day period was an unrealistic time limit in light of scheduling difficulties. (Arb. Dec., p. 11).   The grievance provisions of the Agreement are intended to resolve disputes "without interruption, delay or work stoppages." (Agreement, p. 4).  The Agreement specifically states that "[p]ending the resolution of the dispute, the work shall continue uninterrupted." (Agreement, p. 6).  In accordance with this provision, the Carpenters continued and completed the aluminum window work at Schools 66 and 74 pending resolution of the Glaziers' grievances. While the Glaziers' grievance initially involved the aluminum window work at Schools 66 and 74, the dispute ultimately concerned the assignment of future aluminum window work that was to be performed as the project continued.  In these limited circumstances, where there was no work stoppage, where the dispute concerned the assignment of future work, and where compliance with the 20-day requirement was unrealistic due to scheduling conflicts, this Court finds that it was permissible for the Arbitrator to exercise his procedural discretion and waive the 20-day requirement.  Accordingly, this Court finds that the Arbitrator did not act

8

outside the scope of his authority in conducting the arbitration hearing after the 20-day time period had passed.

**E.      Assignment of Future Work**

The Carpenters finally contend that the Arbitrator acted outside the scope of his authority in directing an assignment of future aluminum window work.  As discussed, while the  aluminum window work at Schools 66 and 74 had been completed at the time of the Arbitrator's decision, the Arbitrator determined that "any further" aluminum window work at Schools 66 and 74, and "any future work performed on this Project of a nature substantially identical to that performed at Schools 66 and 74, shall be assigned to the Glaziers."  (Arb. Dec., p. 12).

As the Arbitrator noted, the Agreement provides that any award is binding "on this Project only," and the school construction and rehabilitation project is expected to continue for several years. (Arb. Dec., p. 12).  The Arbitrator reasoned that "the framers were looking for guidance that would lead them through the remaining years of this Project as it relates to substantially identical work . . . since it would be counterproductive for these parties to litigate the same issue for each and every future job involved in the Project." (Arb. Dec., p. 12).  Because the project was expected to continue for several years, it was reasonable under the Agreement for the Arbitrator to direct the assignment of any future aluminum window work that was to be performed as part of the project.  Accordingly, this Court finds that the Arbitrator did not act outside the scope of his authority under the Agreement by directing the assignment of future aluminum window work to the Glaziers.


**IV. CONCLUSION**

9

Having reviewed the record, this Court finds that the award must be confirmed because the Arbitrator acted within the scope of his authority and the award draws its essence from the Agreement.  Moreover, this Court finds that no reasonable trier of fact could conclude otherwise.  Accordingly, the Glaziers' Motion for Summary Judgment seeking to confirm the Arbitrators' award is granted, and the Carpenters' Motion for Summary Judgment seeking to vacate the Arbitrator's award is denied.  However, the Glaziers' request for attorneys' fees and costs is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that the Glaziers' Motion for Summary Judgment (Docket No. 16) is GRANTED.

FURTHER, that the Glaziers' request for attorneys' fees and costs is DENIED.

FURTHER, that the Carpenters' Motion for Summary Judgment (Docket No. 17) is DENIED.

FURTHER, that the Clerk of the Court shall take the necessary steps to close this case.

SO ORDERED.

Dated:        March 26, 2007
              Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge